## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **Mark McGriff, Board of Trustees Chairman, and** ) | |
| **Doug Curts, Board of Trustees Secretary, on behalf of** ) | |
| **INDIANA CARPENTERS PENSION FUND;** ) | |
| ) | |
| **Mark McGriff, Board of Trustees Chairman, and** ) | |
| **Greg Hauswald, Board of Trustees Secretary on behalf** ) | |
| **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL** ) | |
| **OF CARPENTERS DEFINED CONTRIBUTION** ) | |
| **PENSION TRUST FUND;** ) | |
| ) | |
| **Mark McGriff, Board of Trustees Co-Chairman, and** ) | |
| **William Nix, Board of Trustees Co-Chairman, on behalf** ) | |
| **of INDIANA/KENTUCKY/OHIO REGIONAL** ) | |
| **COUNCIL OF CARPENTERS WELFARE FUND;** ) | |
| ) | |
| **Mark McGriff, Board of Trustees Chairman, and** ) | |
| **Joe Coar, Board of Trustees Secretary, on behalf of** ) | |
| **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL** ) | |
| **OF CARPENTERS JOINT APPRENTICESHIP AND** ) | |
| **TRAINING FUND;** ) | |
| ) | |
| **Douglas J. McCarron, Board of Trustees Chairman,** ) | **CASE NO. 1:18-cv-2895** |
| **on behalf of UNITED BROTHERHOOD OF** ) | |
| **CARPENTERS APPRENTICESHIP TRAINING FUND** ) | |
| **OF NORTH AMERICA;** ) | |
| ) | |
| **and,** ) | |
| ) | |
| **INDIANA/KENTUCKY/OHIO REGIONAL** ) | |
| **COUNCIL OF CARPENTERS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **vs.** ) | |
| ) | |
| **SUMMIT CIVIL SERVICES, LLC and ERIC B. DODD,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiffs **Mark McGriff, Board of Trustees Chairman, and Doug Curts, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA;** and, **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS**, by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD**., complain of Defendants **SUMMIT CIVIL SERVICES, LLC** and **ERIC B. DODD** stating as follows:

## COUNT I

1.      This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Mark McGriff, Board of Trustees Chairman, and Doug Curts, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS PENSION**

2

FUND; Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA (collectively referred to as the "Trust Funds")  in order to judicially enforce the obligations owed, and breached, by Defendant SUMMIT CIVIL SERVICES, LLC ("Summit") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek an order compelling Defendant Summit to pay the delinquent contributions now known due for the period of March 1, 2018 through September 17, 2018 to the Plaintiffs Trust Funds.  Plaintiffs Trust Funds also seek an order directing Summit to pay liquidated damages and interest on the delinquent contributions, plus attorneys' fees and costs incurred by Plaintiffs as a result of being forced to bring this action.

2.      Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA.  The Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district, with the exception of UBCATF.

3.      At all times materials herein, Defendant Summit has employed employees within this judicial district.

4.     At all times material herein, Defendant Summit has been a signatory to a collective bargaining agreement with the Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements").

5.     Defendant Summit breached the Agreements identified in Paragraph 4 of this Count and is in violation of Sections 502 and 515 of ERISA (and 29 U.S.C. § 185) by failing to pay the delinquent contributions and contractually required interest and liquidated damages now known due for the period of March 1, 2018 through September 17, 2018 to the Plaintiffs Trust Funds.

6.     Despite Plaintiffs Trust Funds' requests, Defendant Summit has failed to pay the contractually and statutorily required monies.

7.     Plaintiffs Trust Funds have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132 (h).

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

1.     Defendant Summit to pay the delinquent contributions, plus interest and liquidated damages for the period of March 1, 2018 through September 17, 2018 owed to Plaintiffs Trust Funds;

2.     Defendant Summit pay statutory post-judgment interest on all principal contributions found due by this Order;

3.     Defendant Summit pay Plaintiffs Trust Funds' attorneys' fees and costs incurred herein; and,

4.     Such other and further relief that this Court may find just and proper be entered against Defendant Summit.

## COUNT II

1.      Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

2.      At all times material herein, Defendant **SUMMIT CIVIL SERVICES, LLC** ("Summit") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3.      This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

4.      At all times material herein, Defendant Summit has been signatory to a collective bargaining agreement with the Union. Included among the contractual obligations between the parties is the requirement that Summit make payroll deductions to the Union.

5.      Defendant Summit breached its contractual obligations to the Union by failing to pay the delinquent deductions, plus interest and liquidated damages, owed thereon  for the period of March 1, 2018 through September 17, 2018.

6.      Despite the Union's request, Defendant Summit has failed to pay the monies identified in this Count.

WHEREFORE, Plaintiff Union prays this Court order that:

1.      Defendant Summit pay the delinquent deductions, interest and liquidated damages owed for the period of March 1, 2018 through September 17, 2018 to the Plaintiff Union;

2.      Defendant Summit pay statutory post-judgment interest on all principal deductions found due by this Order;

5

3.      Defendant Summit pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

4.      Such other and further relief that this Court may find just and proper be entered against Defendant Summit.

### COUNT III
### Common Law Tortious Conversion v. the Individual Defendant

1.      Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

2.      At all times material herein, Defendant **SUMMIT CIVIL SERVICES, LLC** ("Summit") has been signatory to a collective bargaining agreement with the Union, among the obligations created by the collective bargaining agreement was that Defendant Summit would make certain payroll deductions from its Union bargaining unit employees' paychecks and transmit such monies to the Union's designated depository.

3.      The Defendant Summit deducted the required payroll deductions from its bargaining unit employees' paychecks (for the period of March 1, 2018 through September 17, 2018), but failed to transmit all the monies to the designated depository as required by its collective bargaining agreement.

4.      Defendant Summit breached its obligation to transfer said monies which it had deducted from its bargaining unit employees' paychecks (for the period of March 1, 2018 through September 17, 2018) to the designated depository by the due date for transfer at which time said monies became the property of Plaintiff Union and its represented employees and to which Plaintiff Union had an immediate, unqualified right to then possess resting on a superior claim of title.

6

5.      By Summit deducting monies from its bargaining unit employees' paychecks and not transmitting such money to the designated depository by the due date for transfer at which time said monies became the property of Plaintiff Union and its represented employees and to which Plaintiff Union had an immediate, unqualified right to then possess resting on a superior claim of title.

6.      At all times material herein, Defendant **ERIC B. DODD** ("Dodd") has been the Chief Executive Officer, President and/or Owner of Defendant Summit.

7.      In such capacity or capacities, Defendant Dodd was responsible for Defendant Summit's compliance with the obligations and duties set forth in the collective bargaining agreement, including ensuring that all wages were properly paid, all deductions were properly made and withheld, and that said monies were held only for the contractually permitted period of time, and ultimately that said deducted monies were timely remitted with an accompanying monthly report form to Plaintiff Union's designated third party depository.

8.      In such capacity or capacities, Defendant Dodd, made the decision not to transmit the contractually and statutorily required payroll deductions from Defendant Summit's paychecks provided to bargaining unit employees for the period of March 1, 2018 through September 17, 2018 to the Union's designated depository.

9.      The required payroll deductions were not transmitted to the depository by the date required by the collective bargaining agreement but was instead withheld from Plaintiff Union without authorization.

10.     Defendant Dodd, who was ultimately responsible for the decision to not transmit the deductions, appropriated and exercised dominion over these deductions for Dodd's and/or Summit's own use and benefit in exclusion and defiance of the rights of the Union, and/or

withheld these deductions in her possession under a claim and title inconsistent with the Union's own and its representative capacity on behalf of Summit' bargaining unit employees, thus leaving Defendant Dodd, personally liable for the monies which would have been paid to the contractually designated third party depository.

11.     This Court has jurisdiction of this Count pursuant to 28 U.S.C. §1367.

WHEREFORE, Plaintiff Union prays that this Court order that:

1.     Defendant Dodd pay the delinquent deductions, interest and liquidated damages to the Plaintiff Union owed for the period of March 1, 2018 through September 17, 2018;

2.     Defendant Dodd pay statutory post-judgment interest on all principal deductions as found due by this Order; and,

3.     Defendant Dodd pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

4.     Such other and further relief that this Court December find just and proper be entered against Defendant Dodd.

## COUNT IV
## Conversion: Civil Cause of Action for Criminal Conversion Pursuant to I.C. 34-24-3-1

1.     Plaintiff   **INDIANA/KENTUCKY/OHIO   REGIONAL   COUNCIL   OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

2.     At all times material herein, Defendant **SUMMIT CIVIL SERVICES, LLC** ("Summit") has been signatory to a Collective Bargaining Agreement with the Union, among the obligations created by the collective bargaining agreement was that Summit would make certain payroll deductions from its Union bargaining unit employees' paychecks and transmit such monies to the Union's designated depository.

8

3.     The Defendant Summit deducted the required payroll deductions from its bargaining unit employees' paychecks for the period of March 1, 2018 through September 17, 2018 but failed to transmit all the monies to the designated depository as required by its collective bargaining agreement.

4.     Defendant Summit breached its obligation to transfer said monies, which it had deducted from its bargaining unit employees' paychecks, to the designated depository by the due date for transfer at which time said monies became the property of Plaintiff Union and its represented employees and to which Plaintiff Union had an immediate, unqualified right to then possess resting on a superior claim of title.

5.     At all times material herein, Defendant **ERIC B. DODD** ("Dodd") has been the Chief Executive Officer, President and/or Owner of Defendant Summit.

6.     In such capacity or capacities, Defendant Dodd made the decision not to transmit the contractually and statutorily required payroll deductions for the period of March 1, 2018 through September 17, 2018 to the Union's designated depository.

7.     A civil action under the criminal conversion statute is permitted by Ind. Code § 34-24-3-1 ("Indiana's Civil Conversion Statute"), which provides that:

> "Offenses against property; recovery of damages, costs, and attorney's fee
> Sec. 1.  If a person has an unpaid claim on a liability that is covered by IC 24-4.6-5 or suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
>
> (1)     An amount not to exceed three (3) times:
>
> (A)     the actual damages of the person suffering the loss, in the case of a liability that is not covered by IC 24-4.6-5; or ….
>
> (2)     The costs of the action.
>
> (3)     A reasonable attorney's fee. . . . .

9

(7)      All other reasonable costs of collection."

**8.**      Pursuant to Indiana's Civil Conversion Statute, the amounts deducted from the employees' checks are not just a simple debt, but constitute a specific chattel, determined by the precise amounts agreed to with the Union for deductions, that Defendant Summit was entrusted to apply to the specific purpose of paying the Union's designated depository on behalf of the employees from whose checks the deductions were taken.

**9.**      As such, the deliberate and intentional non-payment/withholding and failure to pay over of the deductions to Plaintiff Union and its designated depository beyond the date(s) certain on which they were to be transferred constitutes a wrongful taking and conversion of the dues monies.

**10.**      Pursuant to IC 35-43-4-3 (a), "a person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor."

**11**.      Defendant Dodd knew these deductions from the employees' paychecks were to be paid over to Plaintiff Union or its designated depository by a specific date each month, but withheld the deducted monies from Plaintiff Union beyond the date(s) certain on which they were to be delivered and used the deductions for his own or the company's own purposes.

**12.**      Defendant Dodd thereby knowingly and intentionally exerted unauthorized control over the management and disposition of all monies deducted from the paychecks of Plaintiff Union's bargaining unit members employed by Defendant Dodd.

**13.**      Plaintiff Union and its represented bargaining unit employees suffered a pecuniary loss as a result of Defendant's violation.

**14.** Because the civil conversion statute applies to the amounts owed Plaintiff Union in its representative capacity, Plaintiff Union is entitled to an award under the civil conversion statute not to exceed three times the actual loss, the costs of this action and a reasonable attorneys' fee.

**15.** This Court has jurisdiction of this Count pursuant to 28 U.S.C. §1367.

WHEREFORE, Plaintiff Union prays that this Court enter Judgment in its favor and order that:

**1.** Defendant Dodd pay the delinquent deductions, interest and liquidated damages owed to Plaintiff Union for Dodd, pay statutory post-judgment interest on all principal deductions as found due by this Order;

**2.** Defendant Dodd pay treble damages for the statutory conversion of the total deductions found due by this Order;

**3.** Defendant Dodd pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

**4.** Such other and further relief that this Court find just and proper be entered against Defendant Dodd.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By _____ /s/ Paul T. Berkowitz _____
**PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois  60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #19025-49